Per Curiam.

We do not think the plaintiff entitled to retain the venue in Albany. The court will not presume that an impartial trial cannot be had, merely because the parties differ in politics, and a violent party spirit prevails in Montgomery. If the plaintiff had stated that the inhabitants of that country had generally prejudged the question; or were particularly interested in it; or that, for certain reasons, they entertained a prejudice against him; or, that the defendant was a person of uncommon influence, it might have altered the case. It-does not follow, that because some of the words were spoken of him as canvasser of an election for the western district, that the inhabitants of Montgomery will be more partial than those of any other county, for in the event of such an election, the citizens of the whole state have nearly the same interest. If violence of party spirit (which in free governments will always rise to a certain degree) be a reason for changing a vemce between suitors of various political sentiments, there will be no end to applications of this kind, and after all, where will a county be found entirely free of it ? We hope that no difference of this kind will ever influence deliberations within a court of justice, or prevent the decision of any controversy on its real merits.(a)
Venue changed.

 That the disposition of the inhabitants of the county is unfavorable to turnpikes, is no cause for changing the venue in a turnpike cause. New *610 Windsor Turnpike Company, v. Wilson, 3 Caines’ Rep. 127. Tjjpr in a cause by a corporation of a city, the interest of the citizens, merely as being such; Corporation of New York v. Dawson, Caines’ Prac. 129, nor that one of the parties to the suit is sheriff of the county. Baker & Sloane v. Sleight, 2 Caines’ Rep. 46. See ante, p. 4, n. (a), and 123, n. (a).
See also Messenger v. Holmes, 12 Wend. 203; The People v. Webb, 1 Hill, 179; The People v. Vermilgea, 7 Cow. 108; Bowman v. Ely, 2 Wend. 250; Scott v. Gibbs, 2 J. C. 116.